IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA ANN NEVILLE,<br>    13809 Research Boulevard<br>    Suite 500, MB 94311<br>    Austin, TX 79750<br><br>        Plaintiff,<br><br>v.<br><br>MAJOR GENERAL THOMAS M. SUELZER<br>Texas Air National Guard<br>    2200 West 35th Street, Building 10<br>    Camp Mabry (Austin), TX 78763<br><br>LLOYD JAMES AUSTIN III<br>Secretary, Department of Defense<br>    1000 Defense Pentagon<br>    Washington, DC 20301<br><br>FRANK KENDALL III<br>Secretary of the Air Force<br>    1670 Air Force Pentagon<br>    Washington, DC 20330<br><br>DANIEL R. HOKANSON<br>Chief, National Guard Bureau<br>    111 South George Mason Drive<br>    Arlington, VA 22204<br><br>        Defendants. | Civil Action No. 24-175 |

**COMPLAINT - FOIA**

1. Plaintiff Tina Ann Neville ("Ms. Neville" or "Plaintiff"), a former member of the Texas Air National Guard, files this action against the Texas Air National Guard ("TXANG"), the Department of Defense ("DoD"), the U.S. Air Force ("USAF"), and the National Guard Bureau ("NGB"), (or for all: "Defendants"), for failure to comply in a timely manner with Ms.

Neville's Freedom of Information Act request ("FOIA"), dated September 14, 2016. Ms. Neville files this complaint to compel compliance with 5 U.S.C. § 552. As grounds Plaintiff alleges:

## PARTIES

2. Plaintiff Tina Ann Neville was a member of the Texas Air National Guard forced to medically retire from her position as a "dual-status" military technician.

3. Defendant Major General Thomas M. Suelzer is the Adjutant General for the Texas Air National Guard and is named in his official federal capacity.

4. Defendant Lloyd J. Austin III serves as the Secretary of the United States Department of Defense and is named in his official capacity.

5. Defendant Frank Kendall III serves as the Secretary of the United States Air Force and is named in his official capacity.

6. Defendant Daniel R. Hokanson serves as the Chief of the National Guard Bureau and is named in his official capacity.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 5 U.S.C. § 552(4)(b), establishing the U.S. District Court for the District of Columbia as a proper court for civil suits related to FOIA requests, and 28 U.S.C. § 1331, showing subject matter jurisdiction for federal questions to federal district courts.

8. Venue is properly laid in the U.S. District Court for the District of Columbia under 28 U.S.C. § 1391(e)(1), as Defendants are Agencies of the United States located in the District of Columbia.

## STATEMENT OF FACTS

9. At all times relevant, Ms. Neville served as a "dual-status" Aircraft Mechanic at Lackland Air Force Base in San Antonio, Texas. Ms. Neville's dual-status position required her to work in both a civilian and military role for TXANG, serving on duty one weekend a month and two weeks out of a year while working weekdays in a civilian capacity, per 10 U.S.C. § 10216.

10. In March of 2006, Ms. Neville had a hysterectomy, where endometrial tissue was discovered and removed from some of her internal organs. Over the next year, because of complications from the operation, Ms. Neville submitted documentation to her civilian supervisor from her civilian doctor, who ordered her to work on light duty.

11. Despite being on light duty, on June 25, 2007, Ms. Neville's new supervisor assigned her the full-duty task of airplane recovery and tank reconfiguration. As Ms. Neville tried to carry out these physical tasks, she experienced injury. Ms. Neville's injury was so serious that it caused her to take almost a year of leave. This culminated in needing her to take medical retirement.

12. On November 13, 2007, Ms. Neville filed an EEO complaint alleging the USAF and NGB had discriminated against her based on sex (female) and disability (complications from surgery).

13. After a hearing, an Equal Employment Opportunity Commission ("EEOC" and "EEO") Administrative Judge ("AJ") issued a decision on January 26, 2011, finding that Ms. Neville had established that she was subjected to discrimination based on gender.

14. The USAF and NGB then issued a final order rejecting the AJ's decision and appealed to the EEOC. The NGB did not contest the merits of the AJ's findings of discrimination

but instead argued that the EEOC did not have jurisdiction over the matter because the personnel actions were military in nature.

15. On August 1, 2013, the Office of Federal Operations ("OFO") issued an order affirming the AJ's findings of discrimination.

16. On October 21, 2013, Major General John F. Nichols, who at the time was Adjutant General of the Texas National Guard, sent Ms. Neville a letter stating that under his authority, the EEOC does not have jurisdiction over Ms. Neville's complaint. Major General Nichols stated that the AJ and OFO's jurisdiction determinations were incorrect. <u>He then stated he would order a military investigation and render a decision as to Ms. Neville's complaintand "allow" Ms. Neville an opportunity to respond before he makes an unappealable final decision.</u>

17. On March 20, 2015, the investigation ordered by Major General Nichols was announced as completed. Of the seven complaints, the TXANG found four to be unsubstantiated and the remaining to be beyond the scope of the Air National Guard Discrimination Complaint System. However, these conclusions did not include which evidence, if any, was considered, what factors were weighed, who was interviewed, or how these conclusions were reached. These conclusions also came despite Ms. Neville never being interviewed as part of the investigation nor was she let an opportunity respond before the final decision was made. Further, Ms. Neville is unaware of any known party to these events being interviewed.

18. On September 14, 2016, Ms. Neville served NGB a FOIA request for all documents related to the referenced EEOC matters.

19. On October 25, 2016, NGB referred Ms. Neville's FOIA request to TXANG.

20. On November 14, 2016, TXANG confirmed receipt of the FOIA request with Ms. Neville and estimated compliance with the request by February 13, 2017.

21. On November 23, 2020, Ms. Neville emailed to the TXANG, USAF, and NGB for a status check on the FOIA request, asking for a substantive response to be provided by December 4, 2020, for any information related to Ms. Neville, including the evidence that led to Major General Nichols' conclusions from his investigation about Ms. Neville's complaints.

22. On November 23, 2020, NGB provided a response the same day, stating that the FOIA request was closed in October 2016 and that it was referred to the Texas Army National Guard.

23. Ms. Neville responded to the TXANG and NGB the same day, asking about its noncompliance to produce the requested information, having its FOIA request referred to the Texas Army National Guard (as Ms. Neville was a member of the Texas Air National Guard), and conversing with another Agency about this request.

24. On December 2, 2020, NGB sent Ms. Neville an email stating that the Texas Army National Guard had located Ms. Neville's file. NGB informed Ms. Neville that the FOIA request had been misplaced and of the Texas Army National Guard's intent to reopen it.

25. Ms. Neville responded to NGB the same day, demanding an explanation of the misplacement of its FOIA request and the status of the production of documentation. Ms. Neville gave NGB and TXANG a December 11, 2020, deadline to send the FOIA asked for documentation before pursuing anticipated litigation.

26. On January 6, 2021, NGB notified Ms. Neville through counsel it was opening a separate FOIA request that Ms. Neville submitted. The request tasked TXANG with providing Ms. Neville with an explanation as to why TXANG misplaced her 2016 FOIA request.

27.     On January 22, 2021, NGB notified Ms. Neville that TXANG was processing Ms. Neville's September 2016 FOIA request for final adjudication. NGB estimated Ms. Neville's FOIA request would be fulfilled by December 30, 2022.

28.     On January 27, 2021, Ms. Neville appealed the January 6 and January 22, 2021 FOIA letters.

29.     On July 22, 2022, USAF notified Ms. Neville that Ms. Neville's FOIA request fulfillment was still on track for December 31, 2022.

30.     On December 18, 2022, the DoD granted a January 27 appeal. After remanding and transferring the letters, the DoD notified Ms. Neville that the new estimated request completion date would be May 31, 2023.

31.     On December 24, 2022, well over six years after sending the initial FOIA request and the appeal adding six months to the estimated resolution, Plaintiff requested a direct disposition for the request. DoD did not respond to the request.

32.     As of January 4, 2024, more than a year after the latest estimated resolution, Plaintiff has still not received a final response and production of documents under her FOIA request. Since the submission of her FOIA request, <u>Plaintiff has now waited seven years</u>.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

33.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34.     Under 5 U.S.C. § 552(a)(6)(A)(i), Defendants were required to determine whether to comply with the FOIA request within twenty (20) working days of receipt of the request and to immediately notify the Plaintiff of its determination.

35. Defendants' determination regarding Plaintiff's FOIA request was due by October 20, 2020, as stipulated in statute, and was given extensions from Plaintiff's counsel until December 11, 2020, to comply with the FOIA request before pursuing anticipated litigation.

36. As of the date of this complaint, Defendants have failed to: (1) determine whether to comply with Plaintiff's FOIA request; (2) notify Plaintiff of any such determinations or the reasons for such determinations; and (3) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

37. Plaintiff's FOIA request continues to be mishandled to the detriment of Plaintiff. Plaintiff awaits fulfillment of her FOIA request to prosecute her discrimination in a separate case.

38. Because Defendants have failed to comply with the time limit set in 5 U.S.C. § 552(a)(6)(A), Plaintiff has exhausted any and all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tina Neville requests that the Court:

a. Order Defendants to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it used search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

b. Order Defendants to produce any and all records under Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the Plaintiff's FOIA request;

d. Explain in detail the reason(s) for the delay.

e. Grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action per 5 U.S.C. § (a)(4)(E) and the Equal Act to Justice Act under 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

f. Grant Plaintiff any other relief as the Court may deem proper.

Date:   January 20, 2024                                                Respectfully submitted,

By: */s/ Michael D.J. Eisenberg*
Michael D.J. Eisenberg
LAW OFFICE OF MICHAEL D.J. EISENBERG
700 12th Street NW, Suite 700
Washington, D.C. 20005
O: (202) 558-6371
F: (202) 403-3430
Email: michael@eisenberg-lawoffice.com

*Counsel for Plaintiff*